1  D. MICHAEL SCHOENFELD, SBN 102332
   LISA D. NICOLLS, SBN 234376
2  MURPHY AUSTIN ADAMS SCHOENFELD LLP
   555 Capitol Mall, Suite 850
3  Sacramento, California 95814
   Telephone:  (916) 446-2300
4  Facsimile:  (916) 503-4000
   Email:  mschoenfeld@murphyaustin.com
5  Email:  lnicolls@murphyaustin.com

6  Attorneys for Plaintiff
   WEST PACIFIC ELECTRIC COMPANY
7  CORPORATION

8  P. RANDOLPH FINCH, JR. SBN 185004
   DAVID W. SMILEY, SBN226616
9  FINCH, THORNTON & BAIRD, LLP
   4747 Executive Drive, Suite 700
10 San Diego, California 92121-3107
   Telephone:  (858) 737-3100
11 Facsimile:  (858) 737-3101
   Email:  pfinch@ftblaw.com
12 Email:  dsmiley@ftblaw.com

13 Attorneys for Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEST PACIFIC ELECTRIC COMPANY CORPORATION, | Case No. 1:18-CV-00166-LJO-BAM |
| Plaintiff, | **STIPULATION PROTECTIVE ORDER** |
| v. | Complaint Filed: January 30, 2018<br>Trial Date: Not Set |
| DRAGADOS/FLATIRON, a joint venture; LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation; FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation; ZURICH AMERICAN INSURANCE COMPANY, a New York corporation; THE CONTINENTAL INSURANCE COMPANY, a Pennsylvania corporation; XL SPECIALTY INSURANCE COMPANY, a Delaware corporation; THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania corporation; AMERICAN HOME ASSURANCE COMPANY, a New | |

York corporation; NATIONAL INDEMNITY COMPANY, a Nebraska corporation; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation; FEDERAL INSURANCE COMPANY, an Indiana corporation,

Defendants.

The parties to this Stipulation and Protective Order are Plaintiff West Pacific Electric Company Corporation ("WPEC"), Defendant Dragados/Flatiron ("DFJV"), and Defendants Liberty Mutual Insurance Company, Fidelity and Deposit Company of Maryland, Zurich American Insurance Company, The Continental Insurance Company, XL Specialty Insurance Company, The Insurance Company of the State of Pennsylvania, American Home Assurance Company, National Indemnity Company, Travelers Casualty and Surety Company of America, and Federal Insurance Company (collectively hereinafter referred to as "Surety Defendants"). Collectively, WPEC, DFJV and the Surety Defendants are hereinafter referred to as the "Parties." The Parties stipulate that the Court shall enter a protective order under Federal Rules of Civil Procedure 26(c) and 34. The Parties acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rules 141 and 141.1 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1. Proceedings and Information Governed. This Stipulation will govern any and all confidential document(s), information, or other thing furnished by a Party and/or any individual or entity which is a third party to the Action in connection with the production of documents and materials produced in response to any subpoenas and/or the exchange of documents and materials pursuant to the requests of either of the Parties ("Receiving Party").

2. Confidential Information Defined. For the purposes of this Stipulation, "Confidential Information" will mean all information or material that:

    (a) The party producing the information and/or document(s) (the "Producing Party") considers in good faith after reasonable investigation and analysis to constitute or contain

- 2 -

trade secrets, confidential personal financial information, or confidential personal identification information such as social security numbers, whether embodied in physical objects, documents, or the factual knowledge of persons; and

  (b) Has been designated as Confidential Information by the Producing Party in compliance with this Stipulation. The restrictions of this Stipulation will not apply to any information that:

  (a) At the time of the disclosure to a qualified recipient (as defined in paragraph 5) is in the public domain;

  (b) After disclosure to a qualified recipient becomes part of the public domain as a result of publication not involving a violation of this Stipulation;

  (c) A qualified recipient can show was in its possession at the time of the disclosure;

  (d) A qualified recipient can show was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party;

  (e) A qualified recipient can show was independently developed by it after disclosure; or

  (f) Does not constitute or contain trade secrets, confidential personal financial information, or confidential personal identification information such as social security numbers

3. Designation of Confidential Information. The parties will designate Confidential Information by stamping or affixing to the physical objects or documents a legend that includes the following language:

  CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

4. Party's Own Information. The restrictions on the use of Confidential Information established by this Stipulation apply only to the use by a party of Confidential Information received from the Parties or from third parties whose documents are subpoenaed and whose documents are designated in accordance with this Stipulation.

5. Persons Authorized to Receive Confidential Information. For the purpose of this

Stipulation, "qualified recipient" will mean:

    (a) The attorneys of record in this action; any attorneys retained by the parties in this action to consult on the litigation; their respective associates, clerks, legal assistants, and stenographic and support personnel; and organizations, and their employees, retained by such attorneys to provide litigation support services in this action;

    (b) Any independent consultant or other person who is designated by written agreement of all parties in this action or by order of the Court, obtained on noticed motion (or on shortened time as allowed by the Court) permitting such disclosure, or who may otherwise obtain authorization to receive Confidential Information in accordance with this Stipulation;

    (c) The officers, directors and employees of a party;

    (d) Mediators and Arbitrators agreed upon by the parties or appointed by a Court;

    (e) The persons who are authors or addressees of the Confidential Information; and

    (f) Other persons to whom the parties agree or the Court orders that disclosures will be made.

6.   Confidential Documents Produced By the Parties. At the request of the Parties, all documents and physical objects produced as a result of this Stipulation, as identified in paragraph 1, and marked as confidential will initially be considered to constitute Confidential Information. The Parties may designate any documents, testimony or information as containing Confidential Information which it has previously produced or exchanged without such designation or that has been produced by the parties and was not designated as containing Confidential Information at the time produced. Notice of such post-production designation shall be given in writing to all parties to whom such materials have previously been furnished within thirty (30) calendar days after the document or information has been produced. From the time such post-production designation is made, it shall have the same effect as if each individual item designated on a post-production basis was, in fact, marked as set forth above.

7.   Challenging "Confidential" Designations. A Receiving Party may object and

request removal of particular items designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by giving counsel for the Producing Party written notice of its intent to seek removal, supported by reasons for the removal, specifying the items of Confidential Information for which removal is sought. Counsel for the Producing Party has ten (10) days to provide a written response describing the basis for each designation that is challenged, or to de-designate items that have been labeled "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." The parties will confer to attempt to resolve the objection, but if the parties cannot resolve the objection within five (5) business days after actual receipt of the written response, the Receiving Party may file and serve the other parties with a motion seeking Court determination of the designation. The burden of persuasion in any proceeding challenging the designation of Confidential Information shall be on the Producing Party seeking to maintain the designation. A Receiving party shall not be obligated to challenge the propriety of a Confidential Information designation at the time it was made, and a failure to do so shall not preclude a subsequent challenge thereto.

8. Use of Confidential Information. Any Confidential Information will be handled by the receiving party in accordance with the terms of this Stipulation. Confidential information will be held in confidence by each receiving party, will be used by each receiving party for purposes of this action (or arbitration) only and not for any business or other purpose unless agreed to in writing by all parties to this action (or arbitration) or as authorized by further order of the Court, and will not be disclosed to any person who is not a qualified recipient, except as provided in this Stipulation. All Confidential Information will be maintained to preclude access by persons who are not qualified recipients. Any information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be treated as Confidential information until such time as (a) the Producing Party agrees that it shall no longer be treated as Confidential Information or (b) the Court rules that such information should not be treated as Confidential Information. The application and enforcement of this protective order shall be governed by FRCP Rules 26 and 37(b).

9. Copies of Confidential Information. Confidential information will not be copied

5618.001-2676350.1

or otherwise reproduced by a receiving party, except for transmission to qualified recipients as specified in paragraph 10, without the written permission of the producing party or by further order of the Court/Arbitrator(s). Counsel receiving Confidential Documents shall maintain a list showing the name of each person to whom access to Confidential Documents is given by said counsel along with the date thereof.

10. Transmission of Information. Nothing in this Stipulation will prohibit the transmission or communication of Confidential Information between or among qualified recipients:

    (a) By hand delivery;

    (b) by face-to-face conference;

    (c) In sealed envelopes or containers via the mails or an established freight, delivery, or messenger service; or

    (d) By telephone, telegram, facsimile, or other electronic transmission system if, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient.

11. Disclosure to Experts, Consultants, and Other Persons. In the preparation for trial, mediation, arbitration or analysis of claims and/or disputes relating to the Project, if a qualified recipient finds it necessary to disclose a producing party's confidential information to an independent technical or business expert, consultant, or any other person retained by the qualified recipient or its attorneys to assist in this action, the qualified recipient may do so. However, any such expert, consultant or other person receiving confidential information shall be bound by the terms of this Stipulation and shall agree, in writing, as an express condition precedent to the disclosure of said confidential information, to maintain the confidentiality of the disclosure.

12. Affidavits. Each person to whom confidential information will be given, shown, disclosed, made available, or communicated in any way, except clerical and stenographic personnel described in paragraph 5, will first execute an affidavit, in the form of Attachment A to this Stipulation, agreeing to be bound by the terms of this Stipulation. A copy of the affidavit will be served on all parties.

13. Court Procedures. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 141 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 141 unless otherwise instructed by the court.

14. Testimony. Any person may be interviewed and examined as a witness at depositions and may testify concerning all confidential information of which the person has prior knowledge. If an interview or examination concerns confidential information, the producing party will have the right to exclude from the portion of the examination or interview concerning the confidential information any person other than the witness, the witness's attorney(s), and qualified recipients of the confidential information. If the witness is represented by an attorney who is not a qualified recipient, then before the interview or examination, either the producing party will be given the opportunity to seek a further protective order or the attorney will be requested to provide an affidavit, in the form of Attachment A to this Stipulation, that he or she will comply with the terms of this Stipulation and maintain the confidentiality of confidential information disclosed during the course of the interview or examination. If the attorney declines to give the affidavit, the parties' attorneys, before the interview or examination, will jointly seek a further protective order from the Court/Arbitrator(s) prohibiting the attorney from disclosing the confidential information.

15. Depositions. Only that portion of the deposition transcript that has ben designated Confidential Information at the time of deposition or 15 days thereafter will be treated as Confidential Information. Only the specific portions of the transcript that contain Confidential

Information (designated by page and line number) may be designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." If any part of a deposition recorded by videographic means is designated as "Confidential", the recording storage medium and its container shall be so labeled but only the specific portions of the video that contains Confidential Information shall be treated as "Confidential." All disputes over Confidential Information designations will be governed by the procedures stated in paragraph seven (7), above.

16. Subpoenas. If, at any time, a Receiving Party or any person receiving Confidential Information receives a subpoena or some other form of legal process seeking Confidential Information, the Party or person to whom the subpoena or other form of legal process is directed ("Subpoenaed Party") shall within five (5) days after receiving the subpoena, legal process, or request:

(a) Notify in writing the to the Party who originally produced such information and/or to the Party who designated the information as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER";

(b) The notice shall include the date set for the production and a copy of the subpoena or other process or order; and

The Subpoenaed Party shall not disclose any Confidential Information in response thereto without first providing the Producing/Designating Party ten (10) days (after the date that notice was given to the Producing/Designating Party) unless a shorter time period is required by law, to inform the Subpoenaed Party either that the Producing/Designating Party does not object to the production of the information or that it will seek court protection to prevent the production, unless prohibited from doing so by law or regulation. If the Producing/Designating Party responds that it will not seek court protection, then the Subpoenaed Party may produce the information. If the Producing/Designating Party fails to provide the Subpoenaed Party with a response as to whether or not it will object to the production or seek court protection, the Subpoenaed Party may produce the information (11) days after providing notice to the Producing/Designating Party, unless a shorter time period is required by law. If the subpoenaing party does not agree to be bound by the terms of this Stipulation, the Producing/Designating Party may seek a court order prohibiting

- 8 -

disclosure.

If a party makes a motion to quash or modify a subpoena for discovery served on a third-party, there will be no disclosure of the subject matter objected to under the subpoena until the Court has ruled on the motion, and then only in accordance with the ruling.

17. Attorneys' Actions. Nothing in this Stipulation will bar or otherwise restrict an attorney who is a qualified recipient from:

    (a) Rendering advice to his or her client with respect to this action; or

    (b) Generally referring to or relying on his or her examination of documents that have been produced under this Stipulation and that contain Confidential Information.

18. Trial Use. Nothing in this Stipulation is intended to prevent the use of Confidential Information which is admissible under the Federal Rules of Evidence and the rules of court, either as an exhibit or referenced in testimony, subject to the Judge addressing the issue and making ruling(s) that concern the use and/or admissibility of the asserted Confidential Information.

19. No Waiver. The taking of, or the failure to take, any action to enforce the provisions of this Stipulation, or the failure to object to any designation or any such action or omission, will not constitute a waiver of any right to seek and obtain protection or relief, other than as specified in this Stipulation, of any claim or defense in this action or any other action, including but not limited to, any claim or defense that any information:

    (a) Is or is not relevant, material, or otherwise discoverable;

    (b) Is or is not confidential or proprietary to any party;

    (c) Is or is not entitled to particular protection; or

    (d) Embodies or does not embody confidential commercial information of any party.

In making this claim or defense, the party must comply with the procedures described in this Stipulation. This Stipulation is entered without prejudice to the right of any party to apply to the Court at any time to relax or rescind the restrictions of this Stipulation, when convenience or necessity requires. The procedures set forth in this Stipulation will not affect the rights of the

parties to object to discovery on grounds other than those related to confidential or proprietary information claims, nor will they relieve a party of the necessity of proper response to discovery devices.

20. **No Probative Value.** This Stipulation will not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to any confidential information. The fact that information is designated as confidential information under this Stipulation will not be considered to be determinative of what a trier of fact may determine to be confidential or proprietary.

Absent a stipulation of all parties, the fact that information has been designated as Confidential Information under this Stipulation will not be admissible during the trial of this matter, nor will the jury be advised of this designation. The fact that any information is disclosed, used, or produced in discovery or at trial in this action will not be construed to be admissible or offered in any action or proceeding before any court, agency, or arbitration tribunal as evidence that the information:

(a) Is or is not relevant, material, or otherwise admissible;

(b) Is or is not confidential or proprietary to any party;

(c) Is or is not entitled to particular protection; or

(d) Embodies or does not embody confidential commercial information of any party.

21. **Return of Information.** Within thirty (30) days after the resolution of the pending Project claims, counsel for the producing party will notify all receiving parties that the receiving parties shall return or destroy all Confidential Information produced in accordance herewith within thirty 30) days of the notice and the receiving party(ies) shall destroy all notes, synopsis, summaries or digests of Confidential Information therein. Notice of destruction as aforesaid shall be given by counsel to all other counsel. All Confidential Information not embodied in written materials, documents, or tangible items will remain subject to this Stipulation. In no event will a party retain a copy of any Confidential Information produced to it.

22. **Court's Jurisdiction.** The court retains jurisdiction to make amendments,

modifications, deletions, and additions to this Stipulation as the Court from time to time considers appropriate. The provisions of this Stipulation regarding the use or disclosure of information designated as confidential information will survive the termination of this action, and the Court will retain jurisdiction with respect to this Stipulation.

23. Notices. Any of the notice requirements in this Stipulation may be waived, in whole or in part, but only a writing signed by the attorney of record for the party against whom such waiver is sought will be effective.

Dated: August 22, 2018

MURPHY AUSTIN ADAMS SCHOENFELD LLP

By /s/ *Lisa D. Nicolls*
    D. MICHAEL SCHOENFELD
    LISA D. NICOLLS
    Attorneys for Plaintiff
    WEST PACIFIC ELECTRIC COMPANY
    CORPORATION

Dated: August 22, 2018

FINCH, THORNTON & BAIRD, LLP

By /s/ *David W. Smiley*
    P. RANDOLPH FINCH, JR.
    DAVID W. SMILEY
    Attorneys for Defendants

**EXHIBIT A TO STIPULATION AND PROTECTIVE ORDER**

I, _____, the undersigned, declare as follows:

1. I am the _____ (title) of _____ (name of business entity) and have been requested to sign this declaration prior to receiving any and all documents identified as being subject to the confidentiality and limiting use provisions of the Stipulation and Protective Order ("Stipulation") entered in the case of *West Pacific Electric Company Corporation v. Dragados/Flatiron, et al.*, United States District Court for the Eastern District of California Case

No. 1:18-CV-00166-LJO-BAM.

2. I have read the Stipulation and/or had its terms explained to me and agree, without reservation, to be bound by its terms absent judicial determination to the contrary.

3. I have the authority to sign this declaration on behalf of the business entity to which I am an employee.

I agree to educate all others who are afforded access to any such records, through my or my employer's use, about the terms of the Stipulation and have all those who actually access any records named as confidential to also sign a declaration in their own name.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this ___ day of _____, 20__, at _____, _____.

**ORDER**

The parties' stipulated protective order filed on August 22, 2018 (Doc. 54) complies with the requirements of Local Rules 141 and 141.1. Accordingly, IT IS HEREBY ORDERED that the parties' Stipulated Protective Order is APPROVED in its entirety.

IT IS SO ORDERED.

Dated: **August 27, 2018**         /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE